845 A.2d 762

**BELL ATLANTIC MOBILE SYSTEMS, INC., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

**Bell Atlantic Mobile Systems, Inc., Appellant,**

v.

**Commonwealth of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

Argued May 15, 2003.

Decided March 23, 2004.

Sharon Rose Paxton, James Leland Fritz, Harrisburg, for AWACS, Inc.

D. Michael Fisher, Philadelphia, Karen M. Gard, Harrisburg, for Commonwealth of Pennsylvania.

Joseph C. Bright, Philadelphia, Kevin Jon Moody, Harrisburg, for Bell Atlantic Mobile Systems, Inc.

Before CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## ORDER

PER CURIAM:

The Order of the Commonwealth Court is affirmed.

Justice LAMB did not participate in the decision of this case.

Justice SAYLOR files a dissenting statement.

Justice SAYLOR.

### *DISSENTING STATEMENT*

However incongruous it may seem, the General Assembly had defined the term "tangible personal property," for sales and use tax purposes, to include cellular telecommunications service. *See* 72 P.S. §§ 7201(m), 7201(rr) (superseded). Therefore, and since the Legislature has also defined the term "manufacture" in terms of the production of "tangible personal property," *see* 72 P.S. § 7201(c), I agree with Appellants' position that, under the manufacturing exclusion applicable to sales and use taxation, *see* 72 P.S. § 7201(k), (o), they are entitled to relief from sales and/or use tax assessments related to machinery, equipment, and supplies used in their cellular telecommunications businesses in the relevant taxing periods.[1] As Appellants explain, the Commonwealth Court's central reliance on *Suburban Cable TV Co. v. Commonwealth*, 131 Pa.Cmwlth. 368, 570 A.2d 601 (1990), *aff'd*, 527 Pa. 364, 591 A.2d 1054 (1991), and *Suburban Cable TV Co. v. City of Chester*, 685 A.2d 616 (Pa.Cmwlth.1996), in denying relief was misplaced, since the former concerned a now-superseded taxing scheme that did not extend the manufacturing exclusion to production of electrical or electronic impulses, and the latter

---

1. As Appellants acknowledge, the General Assembly subsequently and prospectively modified the Tax Code so that, after the periods in question, they would no longer be eligible to invoke the manufacturing exclusion. *See* Act of June 29, 2002, P.L. 416, No. 89, § 1 (amending, *inter alia*, the definition of "telecommunications service" in Section 7201(rr) to exclude "mobile telecommunications services").

involved a local business privilege tax that did not define the term "manufacturing." [2]

I therefore respectfully dissent to the *per curiam* affirmance of the Commonwealth Court's order.

2. In light of the above, I would not reach the question concerning whether Appellants are separately entitled to relief under the exclusion for rendering a public utility service. *See* 72 P.S. § 7201(k), (*o*). Nevertheless, I note my disagreement with the Commonwealth Court's approach in this regard, as I believe that it should have considered the range of constitutional concerns raised by Appellants, including those raised under the Supremacy and Commerce Clauses of the United States Constitution, pursuant to the principle of statutory construction that requires courts to presume that the General Assembly did not intend to violate constitutional precepts. *See* 1 Pa.C.S. § 1922(3).