**AMERICA ONLINE, INC., Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 2007.
Decided Jan. 30, 2008.

James L. Fritz, Harrisburg and Martin I. Eisenstein, Lewiston, ME, for petitioner.

Karen M. Gard, Sr. Deputy Attorney General, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge McGINLEY.

America Online, Inc. (Taxpayer) has filed exceptions to this Court's September 7, 2007, opinion and order affirming the Board of Finance and Revenue's (BFR) denial of Taxpayer's request for a refund of sales and use tax paid on "port modem management service" provided by Sprint Communications (Sprint) from November 1, 2000, through December 31, 2001. After review this Court denies the exceptions.

The underlying facts stipulated to by the parties and based upon exhibits and deposition testimony are set forth in the panel opinion and need not be reiterated in their entirety.[1] For review of the exceptions it is sufficient to note that Taxpayer paid sales and use tax pursuant to the Tax Reform Code of 1971 (Tax Code),[2] on services purchased from Sprint for the maintenance of port modems which were leased to Taxpayer from a third party and physically located in a facility maintained by Sprint. Taxpayer sought a refund of taxes paid on the services, which it claimed were non-taxable as enhanced telecommunications services as defined by Pennsylvania Department of Revenue Policy Statement 60.20, 61 Pa.Code § 60.20.

Before the Court *en banc,* Taxpayer maintains that the panel majority erred[3] with respect to many of its holdings and conclusions. After providing the proper statutory framework for this Court's analysis, Taxpayer's contentions are addressed in order.

The Tax Code provides that purchases of tangible personal property are subject to sales and use tax. Section 202 of the Tax Code, 72 P.S. § 7202. Under the Tax Code, telecommunications services are tangible personal property. Section 201(m) of the Tax Code, 72 P.S. § 7201(m). Relevantly, telecommunications services are defined by Section 201(rr) of the Tax Code, 72 P.S. § 7201(rr), as:

> Any one-way transmission or any two-way, interactive transmission of sounds, signals, or other intelligence converted to like form, which effects or is intended to effect meaningful communications by electronic or electromagnetic means via wire, cable, satellite, light waves, microwaves, radio waves, or other transmission media. The terms include all types of telecommunication transmissions, such as local, toll, wide-area or any other type of telephone service.... The term does not include any of the following:
>
> . . . .
>
> (3) Charges for access to the Internet. Access to the Internet does not include any of the following:
>
> . . . .
>
> (B) Telecommunication services purchased by an Internet service provider to deliver access to the Internet to its customers.

It follows that telecommunications services purchased by an internet service pro-

---

**1.** *America Online, Inc. v. Commonwealth,* 932 A.2d 332 (Pa.Cmwlth.2007).

**2.** Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7202.

**3.** Although this Court hears appeals from the Board of Finance and Revenue in our appel-

late jurisdiction, this Court also functions as a trial court. *Bell Atlantic Mobile Systems, Inc. v. Commonwealth,* 799 A.2d 902 (Pa.Cmwlth. 2002), *aff'd per curiam,* 577 Pa. 328, 845 A.2d 762 (2004). A stipulation of facts is binding and conclusive upon the Court, but the Court draws its own legal conclusions from those facts. *Id.*

vider such as Taxpayer are subject to sales and use tax unless they are excluded from taxation by another provision of the Tax Code. "Enhanced telecommunications services" are exempt from sales and use taxation. 61 Pa.Code § 60.20. Enhanced telecommunications services are:

(i) Services, offered over a telecommunications network, which employ computer processing applications that include one or more of the following:

(A) *Acts on the format, content, code, protocol, or similar aspects of the purchaser's transmitted information.*

(B) Provides the purchaser additional, different or restructured information.

(C) Involves the purchaser's interaction with stored information.

(ii) Examples of enhanced telecommunications services include electronic publishing, Internet access, voice mail and electronic mail services. *Services utilizing any of the computer processing applications in subparagraph (i) solely for the management, control or operation of a telecommunications system or the management of a telecommunications service is not an enhanced telecommunication service.* (emphasis added).

61 Pa.Code § 60.20(a).

First, Taxpayer contends that the panel majority erred in its determination that "port modem management service" purchased by Taxpayer from Sprint did not constitute "enhanced telecommunications service" under 61 Pa.Code Section 60.20, but was instead a collection of taxable and non-taxable services which were subject to tax under the "predominant purpose" test of 72 P.S. § 7201(k)(9), which provides:

Where tangible personal property or services are utilized for purposes constituting a "sale at retail" and for purposes excluded from the definition of "sale at retail," it shall be presumed that such tangible personal property or services are utilized for purposes constituting a "sale at retail" and subject to tax unless the user thereof proves to the department that the predominant purposes for which such tangible personal property or services are utilized do not constitute a "sale at retail."

72 P.S. § 7201(k)(9),

Taxpayer insists that the services purchased from Sprint are enhanced telecommunications services, not tangible personal property subject to the provisions of Section 201 of the Tax Code, 72 P.S. § 7201 governing a sale at retail. As the panel majority held, however, the services purchased from Sprint were not enhanced telecommunications services, but rather basic telecommunications services and subject to sales and use tax.

Simply stated, the services Taxpayer purchased from Sprint fall within the very definition of telecommunications services found in Section 201(rr) of the Tax Code, 72 P.S. § 7201(rr), "[a]ny one-way transmission or any two-way, interactive transmission of sounds, signals, or other intelligence converted to like form, which effects or is intended to effect meaningful communications by electronic or electromagnetic means via wire, cable, satellite, light waves, microwaves, radio waves, or other transmission media." To be enhanced telecommunications services the services must fall under 60.20. However, the purpose of Taxpayer's purchase of service from Sprint was to effect the "two-way, interactive transmission of sounds, signals, or other intelligence converted to like form, which effects or is intended to effect meaningful communications by electronic or electromagnetic means via wire, cable, satellite, light waves, microwaves, radio waves, or other transmission media." The panel majority did not err in finding the

services to be telecommunications services under Section 201(rr) of the Tax Code, 72 P.S. § 7201(rr), and thus subject to the predominant purpose test.

Next, Taxpayer maintains that the panel majority erred by holding that *if* the services *were* enhanced telecommunications services, any enhancements were attributable to equipment leased by Taxpayer from a third party rather than to Sprint. The reasoning of the panel majority is sound. Any taxable sales that fell into the exemption under 61 Pa.Code § 60.20(i)(A) would not have been paid to Sprint, for Sprint did not provide these services. The "[a]cts on the format, content, code, protocol, or similar aspects of the purchaser's transmitted information" occurred within the modems Taxpayer leased, and were not part of the bundle of services purchased by Taxpayer from Sprint. Rather, Sprint physically maintained the modems.

■ Third, Taxpayer contends that the panel majority erred by concluding that the enhanced functionality of the port modem management service was used solely for the management and operation of a telecommunications system or service, and therefore was not an enhanced telecommunications service. "Services utilizing any of the computer processing applications in subparagraph (i) solely for the management, control or operation of a telecommunications system or the management of a telecommunications service is not an enhanced telecommunication service." 61 Pa.Code § 60.20(ii). This Court believes that the exception in subparagraph (ii) exactly describes the type of services that Sprint provided. Sprint's maintenance of the modems and backbone usage/radius server operation of providing IP addresses was to enable functional operation of the network. Assuming *ar-*

*guendo* if the services are enhanced telecommunication services, they are excluded from the tax exemption because they were for the management, control or operation of the network.

■ Finally, Taxpayer maintains that the panel majority erred because Taxpayer maintains that the federal Internet Tax Freedom Act (ITFA),[4] bars the Commonwealth from imposing tax on the port modem management service. The ITFA applies only to prohibit taxation on Internet access and e-commerce. Section 201(rr) of the Tax Code, 72 P.S. § 7201(rr), provides that "[a]ccess to the Internet does not include ... [t]elecommunication services purchased by an Internet service provider to deliver access to the Internet to its customers." The version of the ITFA in effect during the taxable period defined "Internet access" as "a service that enables users to access content, information, electronic mail, or other services offered over the Internet and may also include access to proprietary content, information and other services as part of a package of services offered to consumers. Such term does not include telecommunications services." Section 1104(5) of the ITFA. Taxpayer neither escapes taxation under the federal nor the state definition. The Tax Code makes clear that the services taxpayer purchased from Sprint are taxable, as these services are excluded from the definition of "Internet access." Under the federal definition, such exclusion is also apparent.

Further the services are not e-commerce, and no refuge may be found in this definition by Taxpayer. "E-commerce" is defined as "any transaction conducted over the Internet or through Internet access, comprising the sale, lease, license, offer or

---

4. Internet Tax Freedom Act, Pub.L. 105–277, Div. C, Title XI, §§ 1100–1104, § 1101(a)(1)-

(2), 112 Stat. 2681–719 (1998) (current version at 47 U.S.C. § 151 note).

delivery of property, goods, services, or information, whether or not for consideration, and includes the provision of Internet access." Section 1104(3) of the IFTA. The purchase of the telecommunications services was not conducted "over the Internet or through Internet access," and therefore does not qualify as "e-commerce."

Accordingly, the opinion and order of the panel majority is affirmed.

## ORDER

AND NOW, this 30th day of January, 2008, America Online Inc.'s exceptions to this Court's opinion and order in *America Online, Inc. v. Commonwealth*, 932 A.2d 332 (Pa.Cmwlth.2007) AOL I, are denied. Judgment in accordance with AOL I shall be entered in favor of the Commonwealth of Pennsylvania, plus appropriate interest.